**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                                **05-CR-144S**

**JOHN J. MIKULA,**

        **Defendant.**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

        The defendant, John J. Mikula ("the defendant"), has been charged in a two count Indictment with having violated Title 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count I) and Title 21 U.S.C. § 844(a) (Count II).  (Docket #1).  The defendant has filed an omnibus discovery motion wherein he seeks: "discovery and inspection" pursuant to Rule 16 of the Fed. R.Crim. P.; disclosure of *Brady* materials; "disclosure of evidence pursuant to Federal Rules of Evidence 404(b), 608 and 609; "disclosure of witnesses statements;" preservation of rough notes;" and permission "to make further and additional motions which may be necessitated by the Court's rulings on the relief sought herein."  (Docket #11).

The government has filed a response to these requests and also moves pursuant to Rule 16 of the Fed. R. Crim. P. For reciprocal discovery.  (Docket #14).

Each of the aforesaid requests will be separately addressed herein.

## DISCUSSION AND ANALYSIS

**1.     Defendant's Request For Rule 16 Discovery And Inspection:**

The defendant seeks "discovery of any items or information to which the defendant is entitled but not previously provided" pursuant to Rule 16(a)(1)(A)(B) and (D).  (Docket #11, p. 8, ¶ 20).  In its response, the government represents that by way of voluntary discovery provided by the government, the defendant has received the Rule 16 materials and information to which he is entitled or has been given the opportunity to review those materials held in the government's possession. (Docket #14, pp. 18-20).  The government has also disclosed the names of the expert witnesses it intends to call at trial and the subjects of their testimony.  (Docket #14, p. 20).  The government further states that it "will comply with the defendant's requests for expert testimony pursuant to Rule 16(a)(1)(E)[1] of witnesses who will testify under Rules 702, 703 and 705 Federal rules of Evidence in advance of trial or as directed by the District Court."  (Docket #14, p. 20).

---

[1] Once again, notwithstanding this Court's numerous admonitions to the United States Attorney's Office, counsel for the government erroneously cites the applicable subsection of Rule 16.  Rule 16 of the Fed. R. Crim. P. was amended as of December 1, 2002.  The proper citation is Rule 16(a)(1)(G).

Based on the government's representations, the defendant's request is DENIED on the basis that it is moot.

## 2. Disclosure Of *Brady* Material:

The defendant has made a broad request for any and all materials and/or information that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases.  (Docket #14, pp. 21-23).  The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial.  As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the

defense "in time for its effective use."  *Id*. at 144.  With respect to impeachment material

that does not rise to the level of being *Brady* material, such as *Jencks* statements, the

prosecution is not required to disclose and turn over such statements until after the

witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2

Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the

government has adopted a policy of turning such materials over to the defendant prior

to trial, the government shall comply with that policy; or in the alternative, produce such

materials in accordance with the scheduling order issued by the trial judge.


### 3.      Disclosure Of Evidence Pursuant to F.R.E. 404(b), 608 And 609:

The defendant "requests that the government notify the defendant of any

evidence that the government contends would be admissible under Fed. R. Evid.

404(b)" and further requests "pretrial disclosure of any and all evidence the government

intends to use to impeach the defendant's credibility if he should choose to testify" and

"in the event the government intends to use such evidence, the defendant requests a

pretrial hearing to determine the admissibility of such evidence."  (Docket #11, pp. 13-

14).  The defendant also "requests notice of any intent" by the government to use

"certain prior convictions to impeach the credibility of the defendant, should he testify at

trial." (Docket #11, p. 15).


The government has responded to these requests by stating that it "had

disclosed known information about the defendant and any such material is presently in

the hands of the defendant."  The government has also disclosed alleged activities of the defendant, *i.e.*, "unlawful use[ ] of marijuana for approximately the past twenty years, including the time period charged in the indictment."  (Docket #14, p. 24).

Based on the representations made by the government, the defendant's requests are DENIED on the basis that they are moot.  As to the "admissibility of such evidence," the issue is best left to the trial judge at the time of trial and therefore, this request is DENIED.

**4.      Defendant's Request For Disclosure Of Witnesses' Statements:**

The defendant moves for "disclosure of witnesses' statements pursuant to 18 U.S.C. § 3500 (Jencks Act) and Rule 26.2 of the Federal Rules of Criminal Procedure."  (Docket #11, p. 15).

The government has responded by "consent[ing] to provide Jencks material two weeks before the commencement of trial in this case."  (Docket #14, p. 24).  As a result, the defendant's motion is DENIED.

**5.      Preservation of Rough Notes:**

The defendant "moves for an order of this Court requiring all federal, state or local agents and officers who participated in the investigation of the defendant to retain and preserve all rough notes taken as part of their investigation, whether or not

the contents of the notes are incorporated in official records."  (Docket #11, p. 18).

The response of the government is that "appropriate instructions will be given to the agents involved in the investigation, as well as the police officers and state troopers."  (Docket #14, p. 24).

It appears that the defendant is attempting to have all potential Rule 16 and *Jencks* materials preserved.  The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction. *United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.)*, cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975)*, cert. denied*, 429 U.S. 821 (1976).

The government is hereby DIRECTED to maintain and preserve all materials that are known by it to exist that constitute potential Jencks and Rule 16, Fed. R. Crim. P. material in this case.

### 6.    Defendant's Request For Permission To File Additional Motions:

The defendant seeks to be permitted "to make further and additional motions which may be necessitated by the Court's rulings on the relief sought herein." (Docket #11, p. 19).

This request is GRANTED subject to the limitations as contained in the aforesaid quote.

### 7.    The Government's Reciprocal Rule 16(b) Request:

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2**

**(concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**DATED:**      **Buffalo, New York**
                     **March 1, 2007**